UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS G. MOULTRIE,

        Plaintiff,

v.                            Case No. 8:09-cv-2255-T-33TGW

SECRETARY, DEPT. OF CORRECTIONS,
et al.,

        Defendants.
_____

**O R D E R**

This cause is before the Court on pro se prisoner Plaintiff's amended 42 U.S.C. § 1983 civil rights complaint (hereinafter "complaint") (Doc. No. 5). The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed because the complaint is frivolous.

Plaintiff claims that Defendants refused to provide copies of portions of the UCC and other documents and to prepare the documents on the wordprocessor for him to mail. However, Plaintiff did procure the documents -- a "Copyright Notice" and "Claim of Lien" -- and presented them for wordprocessing or typing. When Plaintiff did so, the assistant warden over programs informed Plaintiff that "any attempt to prepare, mail, or serve any UCC form will be considered fraud or attempt [sic] fraud." Subsequently, Plaintiff received

a disciplinary report which stated, in part, "Preparation of these types of documents are used in a well known scheme to establish fraudulent liens against wardens, correctional officers, judges, and other officials in an effort to harass and damage their credit ratings. Inmate Moultrie's submittion [sic] of these documents place him in violation of 9-21; fraud or attempt to fraud." After a disciplinary hearing, Plaintiff Moultrie was found guilty of fraud or attempt to fraud. Plaintiff was sentenced to 30 days confinement and lost 64 days of gain time.

On appeal, the disciplinary report was overturned "based on technical errors made in the processing of same." Plaintiff's lost gain time was restored. However, Plaintiff contends that his due process rights were violated because he was placed in disciplinary confinement while awaiting the outcome of the appeal. He also contends that "the overturning" of the disciplinary report demonstrates the Defendants conspired to violate his due process rights.

Plaintiff seeks injunctive relief and money damages.

## DISCUSSION

### REFUSAL TO WORDPROCESS OR TYPE DOCUMENTS CLAIM

"The abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented." *United States v. Talley*, 2007 WL 2208811 at *1 n.1 (N.D. Fla., July 27, 2007) (quoting *Hardin v. Michigan Dep't of Corrections*, 2007 WL 1975102, at *6 (W.D. Mich. Mar.28, 2007) (collecting multiple cases, including *United States v. Gordon*, 2005 WL 2237640 (S.D. Ga. Aug.25, 2005) (prisoner filed "facially absurd" liens and UCC financing

statements designed to harass and intimidate government officials in the performance of their duties); *United States v. Orrego*, 2004 WL 1447954 (E.D. N.Y. June 22, 2004) (prisoner filed fraudulent liens against government officials); *Ray v. Williams*, 2005 WL 697041 (D.Or. Mar.24, 2005) (prisoner engaged in fraudulent scheme by which he filed false UCC filings against government officials); *United States v. Martin*, 356 F.Supp.2d 621 (W.D. Va.2005) (prisoner filed fraudulent UCC financing statements naming himself as the secured party for a $108,000,000.00 debt owed him by various government officials); *United States v. Brum*, 2005 WL 1606584 (E.D. Tex. July 1, 2005) (prisoner filed fraudulent liens and UCC financing statements against the judge and prosecutor involved in his criminal conviction); *Cooperwood v. McDonald*, 2005 WL 1427718 (W.D. Mich. June 13, 2005) (prisoner filed a fraudulent lien against several judges and prosecutors); *United States v. Stouder*, 2005 WL 2715666 (M.D.Tenn. Sept.2, 2005) (prisoner filed fraudulent UCC financing statements against government officials in the amount of $300,000,000.00)).

Based on prevailing case law, Plaintiff's claim that Defendants violated his constitutional rights by refusing to wordprocess or type his documents is frivolous.

## CONFINEMENT DUE PROCESS CLAIM

To state a section 1983 denial of due process claim, Plaintiff must show that his confinement exceeded similar, but totally discretionary confinement in either duration or degree of restriction. *Sandin v. Connor*, 515 U.S. 472, 484-87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)(While states can create liberty interests protected by the Fourteenth Amendment, these interests conferred upon prisoners are limited to freedom from restraints which impose "atypical and significant hardship" on the prisoners in relation to the "ordinary incidents of prison life.").

Plaintiff Moultrie did not allege that he suffered any sort of "atypical and significant hardship" as a result of his being placed in disciplinary confinement. He did not meet the *Sandin* standard and his due process claim has no merit.

CONSPIRACY CLAIM

Plaintiff's claim that the overturning of disciplinary report shows the Defendants conspired against him is vague and conclusory. In civil rights actions, a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir.1984); *Kearson v. Southern Bell Telephone & Telegraph Co.*, 763 F.2d 405, 407 (11th Cir.1985), *cert. denied*, 474 U.S. 1065, 106 S.Ct. 817, 88 L.Ed.2d 790 (1986).

"To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff 'must show that the parties 'reached an understanding' to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir.1990).... [T]he linchpin for conspiracy is agreement ..." *Bailey v. Board of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir.1992). In order for a plaintiff "to establish the 'understanding' or 'willful participation' required to show a conspiracy, ... [he] must [produce] some evidence of agreement between the defendants. Merely "stringing together" adverse acts of individuals is insufficient to demonstrate the existence of a conspiracy. *McCree v. Turner*, 2006 WL 1391076 at *3 (M.D. Ala, May 16, 2006) *(*citing *Harvey v. Harvey*, 949 F.2d 1127, 1133 at *3 (11th Cir.1992)).

Plaintiff Moultrie has not met the standards set out above, and his conspiracy claim has no merit.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to enter judgment against Plaintiff Moultrie and to close this case.

ORDERED at Tampa, Florida, on February 10, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Carlos G. Moultrie